UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANKOR ENERGY LLC | * | CIVIL ACTION NO. 2:20-CV-1560 |
| | * | |
| Plaintiff | * | |
| | * | JUDGE GREG GERARD GUIDRY |
| versus | * | |
| | * | |
| SANARE ENERGY PARTNERS, LLC | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT SANARE ENERGY PARTNERS, LLC'S EMERGENCY MOTION FOR RECONSIDERATION REGARDING PLAINTIFF'S TURNOVER ORDER AND SEQUESTRATION ORDER

Defendant Sanare Energy Partners, LLC ("Sanare") files this Emergency Motion For Reconsideration under Federal Rule of Civil Procedure 59(e).[1]  Sanare respectfully requests that the Court reconsider its Order granting Plaintiff Ankor Energy, LLC's ("Ankor") Ex Parte Motion for Issuance of Writ of Sequestration (Dkt. No. 9), the Writ of Sequestration (Dkt. No. 10), and its Order granting Ex Parte Motion Pursuant to L.A.R.S. § 13:3862 For Order Compelling Defendant to Deliver Property. (Dkt. No. 11) (collectively, the "Orders").

**I.**

Ankor secretly pursued the Orders after repeatedly assuring Sanare's counsel that it did not need to answer the lawsuit while the parties' pursued settlement negotiations.  Ankor also failed to advise the Court of material facts in pursuing the Orders and allowed the Court to proceed ex parte.  Specifically,  Sanare agreed to pay approximately $1.7M to reimburse Ankor for expenses incurred in the operation of certain leases. Ankor received the roughly $1.7M payment on June 10, 2020, almost two weeks before the Orders were signed.  However, Ankor never disclosed these

---

[1] Courts consider such motions as either motions for reconsideration or motions to alter or amend a judgment. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n10 (5th Cir. 1998).

developments in an amended Complaint or amended motions.  As a result, the Orders should be vacated.  Additionally, Ankor is not entitled to recovery under the Louisiana Oil Well Lien Act ("LOWLA").  For these reasons, Sanare requests that the Court vacate the Orders and permit a contested evidentiary hearing on Ankor's motions within two to four weeks.

## II.

After filing this lawsuit, Ankor and Sanare engaged in settlement negotiations, and Ankor agreed to extend Sanare's answer deadline while the parties worked to resolve this matter.  Ex. A.

On June 17, 2020, as part of the settlement negotiations, Sanare paid Ankor $1,720,770.64. Ex. B (Wire Confirmation).  Following receipt of the settlement funds, Ankor committed to file an amended complaint to reflect these payments and the narrowing of the parties' dispute, but it failed to do so.  *See* Ex. A.

During the week of June 22, while Sanare and Ankor continued to negotiate the few remaining months in dispute and while Ankor's counsel continued to insist that Sanare need not answer the lawsuit, Ankor secretly pursued its efforts for *ex parte* relief with the Court.  Ankor obtained the Writ of Sequestration and the Order Compelling Defendant to Deliver Property without telling Sanare and without filing any pleading with the Court disclosing that Sanare is represented by counsel and without identifying the the partial settlement payment or other changes in circumstances.  Based on the misleading and uncorrected information provided by Ankor, the Orders are inaccurate and should be vacated.

After obtaining the Orders, Ankor's counsel informed Sanare that it would not negotiate further and that Sanare would pay the amount Ankor demanded or Ankor would enforce the (erroneous) Orders against Sanare.  *See* Ex. C.  Ankor's counsel also indicated that Sanare would have until Monday, June 29 to answer the Complaint (Ex. D), thus tacitly acknowledging its prior

representations to Sanare's counsel that it would not take action until settlement efforts were concluded.

## III.

Sanare respectfully requests that the Court vacate its Orders and allow an evidentiary hearing on Ankor's motion for issuance of a writ of sequestration and its motion for an order compelling Sanare to deliver property pursuant to Federal Rule of Civil Procedure 59(e).

## IV.

Based on the foregoing, and for the reasons more fully explained in the accompanying memorandum in support, Sanare respectfully requests the Court grant this motion, vacate the Orders, and grant Sanare all other relief to which it is entitled.

Respectfully submitted,

**JACKSON WALKER LLP**


By: */s/ Joseph A. Fischer, III*

    Joseph A. Fischer, III
    Louisiana Bar No. 34381
    1401 McKinney St., Suite 1900
    Houston, Texas 77010
    Telephone: (713) 752-4200
    Facsimile: (713) 752-4221
    Email: tfischer@jw.com

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2020, a true and correct copy of the above and foregoing pleading has been sent via electronic service to the following counsel of record:

Paul J. Goodwine  (pgoodwine@loopergoodwine.com)
Taylor P. Mouledoux (tmouledoux@loopergoodwine.com)
Taylor P. Gay (tgay@loopergoodwine.com)
**LOOPER GOODWINE P.C.**
650 Poydras Street, Suite 2400
New Orleans, Louisiana 70130

        /s/ *Joseph A. Fischer, III*
        Joseph A. Fischer, III